13768

L. D. JENNINGS CO., INC., *ET AL.,* v. NORTH RIVER INS. CO.

(172 S. E., 700)

*Mr. Joseph L. Nettles,* for appellant,

*Mr. L. D. Lide,* for respondent,

February 7, 1934.

The opinion of the Court was delivered by Mr. Justice Stabler.

The plaintiffs in this action demurred to the answer of the defendant upon the ground that it did not state facts sufficient to constitute a defense, setting out with particularity wherein it failed to do so. The matter was heard by his Honor, Judge Stoll, who sustained the demurrer and dismissed the answer. From his order this appeal is taken.

The undisputed facts, as gathered from the pleadings, are as follows: On January 21, 1932, the North River Insurance Company insured the L. D. Jennings Company, Inc., whom we shall refer to as plaintiff, against all direct loss, not exceeding $2,500.00, through damage by fire to certain household goods and effects named in the policy. In December, 1932, the goods were partially destroyed by fire, and in due time the plaintiff gave notice to the defendant of its loss, proofs thereof being furnished as required. In response thereto, the insurance company sent its adjuster to look into the matter, who, after examining the property and questioning the agent of the plaintiff, stated that he saw no chance for an agreement as to the amount of loss, and demanded on behalf of the insurer an appraisal as provided by the policy. The parties then entered into a written agreement appointing appraisers "for the purpose of ascertaining and fixing the sound value of the said property and the amount of said loss and damage." Each party named one appraiser, and these two selected an umpire, whose duty it was "to act with them in matters of difference only." The appraisers examined the goods, but were unable to agree as to the

amount of damage. The umpire and the appraiser named by the assured then made an award in writing, fixing the value of the property at the time of the fire at $5,189.05, and the damage to the property at $3,418.95. The insurer claimed that it was not bound by what had been done and refused to pay. This action, based upon the award, was then brought for the collection of the full amount of the insurance.

The defendant by its answer admits that it executed and delivered the policy of insurance, that the property was damaged by fire, and that an agreement for submission to appraisers, upon its demand, was entered into between it and the plaintiff, but alleges that "the award as made is invalid and should be set aside as of no effect upon the following grounds:

"(a) The appraisers did not submit their differences to the umpire.

"(b) The award was not arrived at by the appraisers and umpire making an estimate of the actual cash value of the insured property immediately preceding the fire, and of the actual cost of repairing and replacing the same with proper deduction for depreciation. On the contrary the defendant alleges that the appraiser nominated by the assured * * * took and maintained the position that the figures of cost, value at time of fire and damage as submitted by the plaintiff * * * were the only figures which he would agree were correct. He refused to make any inquiry whatsoever as to any of the figures submitted by the plaintiff. * * * Further, when the appraiser which had been nominated by the defendant refused to accede to the arbitrary position thus taken by the appraiser nominated by the plaintiff * * * the appraiser nominated by the defendant requested that they attempt to arrive at a decision pertaining to those articles which they might agree upon to the end that their differences might be submitted to the umpire. This the appraiser appointed by the assured refused to do. And

the appraiser appointed by the assured thereupon arbitrarily, and in violation of the agreement for submission to appraisers, called in the umpire who, without having had any differences submitted to him  *  *  *  agreed in the position of the appraiser nominated by the assured and signed the purported award approving the figures submitted by the plaintiff  *  *  *  as to cost, value at time of fire and damage to the very cent in each particular."

The defendant argues that Judge Stoll committed error in holding that the foregoing allegations of the answer pertaining to the award do not state facts sufficient to constitute a defense; that while the word "fraud" does not appear in the answer, partiality and bias, amounting to a fraud upon the rights of the defendant, are properly pleaded.

This Court has held that a mere mistake of judgment on the part of the appraisers will not vitiate an award (*Cleveland v. Insurance Company*, 150 S. C., 289, 148 S. E., 49); but "the award should be disregarded if the appraisers are guilty of misconduct, bad faith, or unfairness substantially affecting the result" (26 C. J., 426); and "partiality of the appraiser is a good defense against the appraisement" (*Fass v. Insurance Company*, 105 S. C., 364, 89 S. E., 1040, 1044). In the *Fass case*, where the validity of an award was passed upon, the Court pointed out that, "though severally mentioned as good grounds for setting aside an award, fraud and partiality differ more in degree than in nature." The Court also observed that arbitrators or appraisers are not agents, representatives, or advocates of the party by whom they are selected; that an arbitrator should not be influenced "in favor of the side appointing him by reason of the fact that he was appointed by that side," or by any other improper motive or consideration, but should exercise a judicial impartiality in the performance of his duties.

It is observed that the defendant, in the case at bar, alleges that the appraiser named by the insured merely accepted as true and correct the figures submitted by the plain-

tiff of the cost of the property insured, its value at the time of the fire, and the damage done; that he refused to make any inquiry as to these matters, and made no effort to verify the correctness of the figures furnished by the assured. It is also alleged that he refused to co-operate with the appraiser named by the defendant in an effort to arrive at a decision pertaining to such articles which the two appraisers might agree upon, in order that they might then submit their differences to the umpire for settlement by him in accordance with the terms of the appraisal agreement; but that pursuing an independent course, he alone called in the umpire; and that these two, acting together, fixed the award, without any submission to the umpire of any differences between the two appraisers, and without any investigation on the part of the umpire whatsoever.

We think that these allegations, which are taken to be true for the purposes of the demurrer, state facts sufficient to constitute a defense, in that they charge partiality and bias on the part of the appraiser named by the insured and of the umpire in arriving at and fixing the award, which, if true, may have substantially affected the result of the appraisal.

Of course, the defendant may be unable to establish any of these allegations by convincing evidence, but we think that it should be given its day in Court. It may appear on trial that the umpire, and the appraiser appointed by the plaintiff, made proper investigations and gave to each of the parties to the appraisal fair and impartial consideration. However, these are matters to be determined at that time. We think the demurrer should have been overruled as to this defense.

The defendant also alleges, as an additional defense, that, under a provision of the policy requiring the insured to exhibit to any person designated by the company all that remains of any property covered by the insurance, and to submit to an examination under oath, etc.,

"it had demanded of the plaintiff * * * that it produce its records and submit to the examination required * * * but that the plaintiff * * * had refused, and refuses, to grant such request"; and that, therefore, this action cannot be maintained or the plaintiffs recover.

The provision quoted and relied on by the defendant was incorporated in the policy by the insurer for its own use and benefit and must be given a reasonable interpretation, and the company should not be permitted to use it indiscriminately against the insured. As we have already indicated, proofs of loss were duly filed, giving such information as was required. The defendant then, through an adjuster, investigated the matter, but an agreement between the parties could not be reached. In its investigation the insurance company could have, if it so desired, required the insured to produce its books of accounts, and to be examined under oath, etc., for the purpose of determining whether the proofs of loss filed were correct, and whether the claim was a just one and should be paid; and that was the proper course for the company to have pursued, under this provision, if it concluded, as it seems to have done, that the proofs filed were not a true statement of the facts. It chose, however, to demand an appraisal, and having failed to obtain what it thought it was entitled to in that proceeding, it now seeks to set up as a defense to an action based on the award, the refusal of the insured to submit itself, after the award was made, to the examination provided for. This it should not be allowed to do. We think Judge Stoll was correct in sustaining the demurrer to this alleged defense.

The order appealed from is reversed as to the first defense, and affirmed as to the second, or additional, defense. MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.