14148

BRANT *ET AL.* v. DIXIE FIRE INSURANCE COMPANY OF GREENSBORO, N. C.

(183 S. E., 587)

56

*Messrs. Randolph Murdaugh* and *Augustine T. Smythe,* for appellant,

*Mr. George Warren,* for respondents,

October 19, 1935.

The opinion of the Court was delivered by MR. C. T. GRAYDON, ACTING ASSOCIATE JUSTICE.

Mrs. Maggie Brant, one of the plaintiffs in this action, owned a house and certain household furniture situate in or near the town of Ulmers, in the County of Allendale. It does not appear in the record when Mrs. Brant acquired this property, but it does appear that on November 29, 1930, Mrs. Brant secured a policy of insurance from the Aetna Insurance Company insuring her dwelling house against the hazards of fire for the sum of $750.00 and the furniture in the house for $500.00 This policy was a five-year policy and required the payment of premiums on the 1st day of December of each year up to and including December, 1934.

It further appears that on the 23rd day of February, 1920, Mrs. Maggie Brant gave to J. E. Harley and Solomon Blatt her mortgage dated February 23, 1920, in an amount of $750.00, and that said mortgage was duly recorded in the office of the Clerk of Court for Allendale County in Book 2, at page 79. This mortgage was duly transferred by Harley and Blatt to G. A. Best on December 2, 1920, which assignment was recorded on January 18, 1921, and the mortgage was later assigned by G. A. Best to J. C. Brant on January 6, 1927; but the last-mentioned assignment was not recorded. J. C. Brant was the nephew of Mrs. Maggie Brant and is also designated in the record sometimes as Claude Brant.

J. C. Brant testified that in 1931 he decided to protect his interest under the mortgage and that he went to Rush F. Ulmer, a representative of the Dixie Fire Insurance Company, on the 18th day of April, 1931, and had him to go to the home of Mrs. Maggie Brant for the purpose of securing insurance to cover his interest under the mortgage. Mr. Brant further testified he paid Mr. Ulmer for the policy and fully acquainted Mr. Ulmer with the fact that he held the mortgage upon the real estate. The amount of insurance requested by Mr. Brant on the dwelling house was the sum of $1,000.00, and at the time of the trial Mr. Brant claimed that there was due upon his mortgage $947.56. The amount

of insurance taken upon the furniture of Mrs. Maggie Brant was the sum of $400.00.

The house was later admittedly completely destroyed by fire and the furniture therein was also destroyed. The adjuster for the Dixie Fire Insurance Company, who testified that at the time he did not know of the existence of the Aetna policy, made an investigation and wrote several letters which indicated that the claim was in line for payment. The adjuster stated in the letters that the total amount of the insurance on the dwelling house would be paid, but that on account of the three-fourths value clause the Dixie Fire Insurance Company would only pay $361.83 on the furniture destroyed in the fire. A proof of loss was furnished Mrs. Brant setting forth these figures, and Mrs. Brant duly signed and verified the proof of loss and filed it with the insurance company.

Thereafter it appears that the Dixie Fire Insurance Company ascertained that the Aetna also had a policy, and on December 1, 1932, the Dixie Fire Insurance Company denied liability on the claim and tendered back the premium on the policy.

An action was brought in the Court of Common Pleas of Allendale County to recover the $1,250.00 insurance against the Aetna Insurance Company, and then an action was brought in Hampton County to recover the sum of $1,400.00 against the Dixie Fire Insurance Company.

There is a sharp conflict of testimony as to exactly what happened when J. C. Brant took the policy of insurance upon the home of Mrs. Maggie Brant. J. C. Brant contends that he gave the agent full notice of the fact that he held a mortgage upon the premises, and from the record it appears that he did hold such mortgage. The agent claims that nothing was said to him about the mortgage then existing upon the property and that he insured the property in the name of Mrs. Maggie Brant without inserting the name of J. C. Brant as mortgagee. The case resulted in a verdict for the plaintiffs, Mrs. Maggie Brant and J. C. Brant, for the sum

of $1,000.00 as to that portion of the policy which covered the dwelling house and resulted in a verdict in favor of Mrs. Maggie Brant for $400.00 for that portion of the policy which covered the presonal property in the dewelling house.

Under the testimony in this case there were two separate and distinct insurable interests upon the home of Mrs. Maggie Brant. There was the interest of Mrs. Maggie Brant as the owner and the interest of J. C. Brant as the mortgagee, and each of these parties had a right to take insurance to protect his or her interest. The plaintiff contended that this was done and the jury has so found, and under our construction of the law, the jury having so found, the verdict of the jury will not be disturbed as to this particular portion of the policy.

There was no diverse insurable interest, however, in the personal property and no claim was made at the trial that such diverse interest existed.

The appellant, Dixie Fire Insurance Company, appealed to this Court upon two exceptions.

The first exception alleges error on the part of the Circuit Judge in refusing to direct a verdict on the whole case on the ground that under the provisions of both policies when the Dixie Fire Insurance Company's policy was taken, there being other insurance upon the property, the same was void.

As to that part of the policy which covered the real estate, this contention is unsound for, as aforestated, each party had a separate and distinct insurable interest.

It is our opinion, however, that as to the personal property the contention is sound and that the Circuit Judge should have directed a verdict in favor of the insurance company as to the $400.00 insurance upon the personal property.

The second exception alleges error on the part of the Circuit Judge in refusing to direct a verdict on the ground that the plaintiff was guilty of false swearing in connection with the proof of loss filed with the Dixie Fire Insurance Company.

The question of fraud and false swearing under the decisions of this Court is generally a question for the jury to determine under proper instructions and the jury having determined this matter, the verdict will not be disturbed on this ground.

Of course, J. C. Brant cannot recover more than his mortgage debt, and that only up to the amount of the insurance. He merely insured his interest as such and, therefore, would be entitled to recover the value of his mortgage up to the amount of insurance on the real property.

The judgment of this Court is that the judgment of the lower Court be reversed and a new trial ordered unless Mrs. Maggie Brant remit the portion of the verdict which relates to the personal property and also any amount on the real estate over and above the lien of J. C. Brant and that J. C. Brant recover the amount of his mortgaged debt with interest up to the value of the policy, and that upon Mrs. Maggie Brant remitting on the record her claim to all interest in said verdict, the same be affirmed as herein provided.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER and. BONHAM concur.