242 S.C. 226 (1963)
130 S.E.2d 558
LAURENS FEDERAL SAVINGS AND LOAN ASSOCIATION and Billy Ray Adams, Respondents,
v.
HOME INSURANCE COMPANY OF NEW YORK, Appellant.
18051
Supreme Court of South Carolina.
April 10, 1963.
*227 Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone, of Greenville, for Appellant.
*228 Messrs. W. Hummel Harley and Eston W. Page, of Laurens, for Respondent.
April 10, 1963.
MOSS, Justice.
The Home Insurance Company, the appellant herein, on August 5, 1957, issued its policy in the amount of $2,500.00, insuring against loss or damage by fire during the ensuing year, a one story frame dwelling owned by Billy Ray Adams, one of the respondents herein, the policy being payable to the respondent, Laurens Federal Savings and Loan Association, mortgagee, as its interest might appear. The agreed value of the dwelling, as stated therein, was $2,500.00. At *229 the time of the issuance and delivery of the aforesaid policy, Billy Ray Adams was indebted to the Loan Association in the amount of $2,500.00 and such was secured by a mortgage on the land upon which the insured dwelling was located, and such mortgage contained in usual form a covenant by the mortgagor to keep the premises insured and giving the association the right to insure said premises to protect its own interest. The Association, in order to protect its interest and pursuant to the terms of the mortgage, obtained the aforesaid policy from the appellant, the premium thereon being paid by the Association and charged to the account of Adams.
This policy of insurance was renewed annally on August 5, 1958 and August 5, 1959, respectively, upon the same terms and conditions as were contained in the original policy. On September 10, 1959, the Association increased its loan to Adams to $3,265.00, said increase being for the purpose of refinancing the existing mortgage debt to Association and for financing the making of certain improvements and additions to the said dwelling. The appellant, pursuant to a request of the Association and upon the payment of an increased premium, issued an endorsement on the last renewal policy, increasing the agreed value and the fire insurance upon said dwelling to $3,300.00 The aforesaid endorsement, other than as stated, did not change the terms or conditions of the policy.
Subsequent to the date of the insurance policy issued by the appellant, Adams, without the knowledge or consent of the Association or the appellant, obtained from Citizens Home Insurance Company, in which the Association was not named as mortgagee, a fire insurance policy in the amount of $2,500.00 in order to protect his personal equity in the property; the agreed valuation of the insured dwelling being fixed at $5,000.00.
It is stipulated that on October 15, 1960, while both of the aforesaid policies were in full force and effect, the insured *230 dwelling was totally destroyed by fire and, at that time, the balance due on the mortgage debt of Adams to the Association was $3,187.09. It appears that Citizens Home Insurance Company issued a draft in the amount of $2,155.17 payable to Adams and the Association and said draft was endorsed by both of the aforementioned payees and deposited to the account of the Association and it now has in its possession $1,500.00 from the draft so issued.
The Association made demand upon the appellant for the payment of $3,187.09, this being the unpaid balance due on the mortgage of Adams to it. Upon refusal of the appellant to pay said amount, this action was instituted by the respondents. The appellant, within due time, filed its answer. The case came on for trial before Honorable J.B. Ness, Presiding Judge, and was by agreement of counsel tried before him, without a jury, upon a written stipulation of the facts.
In due course, Judge Ness filed his order, dated March 30, 1962, directing that the Association have judgment against the appellant in the amount of $3,187.09, with interest at the legal rate from the date of the fire. This appeal is from such order and the exceptions present four questions for determination.
The insurance policy issued by the appellant contained a provision that "Insurance on any building covered under this policy in excess of that fixed in the Valuation Clause is prohibited. If, during the term of this policy, the insured shall have any such other insurance, whether collectible or not, and unless permitted by written endorsement added hereto, the insurance under this policy, insofar as it applies to the building(s) on which other insurance exists, shall be suspended and of no effect." It is the position of the appellant that under the foregoing provision of the policy that when Adams obtained other insurance upon the same building in excess of the amount fixed in the valuation clause, the policy here was suspended and of no effect. It asserts that the Trial Judge was in error in not so holding.
*231 In the statement of the case it is set forth that the Association, in order to protect its interest secured the fire insurance policy containing a standard mortgage clause, in which Billy Ray Adams and Louise P. Adams were named as insureds and the Association as mortgagee. It is also stated that Adams obtained the policy of insurance, to protect his own interest, from the Citizens Home Insurance Company. Thus, it appears that appellant's policy was purchased to protect the interest of the Association and the other policy was purchased to protect the interest of Adams.
We have held that a mortgagor and mortgagee have separate and distinct interests in the same property which they may insure. Brant et al. v. Dixie Fire Ins. Co., 179 S.C. 55, 183 S.E. 587, and Murdaugh v. Traders & Mechanics Ins. Co., 218 S.C. 299, 62 S.E. (2d) 723, Appleman Insurance Law and Practice, Vol. 4, section 2186, page 65. The Association, as mortgagee, had an insurable interest by virtue of its mortgage to the extent of the balance due it from the mortgagor. First Carolina Joint Stock Land Bank v. Stuyvesant Ins. Co., 168 S.C. 37, 166 S.E. 883.
Where insurance is taken out by the mortgagor, without the knowledge or consent of the mortgagee, it does not constitute other insurance within the purview of the provision above quoted. Appleman Insurance Law and Practice, Vol. 6, section 3909, page 286, and the cases cited in the footnote thereto. Murdaugh v. Traders & Mechanics Ins. Co., 218 S.C. 299, 62 S.E. (2d) 723.
In Brant et al. v. Dixie Fire Ins. Co., 179 S.C. 55, 183 S.E. 587, it was held that the owner of house and mortgagee had separate insurable interests in house so as to entitle mortgagee to recover on fire policy insuring his interest in house, notwithstanding that policy contained provision that it would be void if there was other insurance on property and owner of house carried other insurance on her interest therein.
*232 The Trial Judge directed the entry of judgment against the appellant for the sum of $3,187.09, this being the balance due on the mortgage debt of Adams to the Association. This judgment is in line with the rule above stated that a mortgagee has an insurable interest to the extent of the balance due it by the mortgagor. We conclude that since the Association had a separate and distinct insurable interest in the dwelling that was destroyed by fire, and had insured such with the appellant, the subsequent act of Adams in taking out additional insurance, without the knowledge or consent of the Association, to protect his interest in the mortgaged property, did not have the effect of suspending or making void the policy issued by the appellant.
The appellant contends that its policy and that issued by Citizens Home Insurance Company constitutes contributive or concurrent insurance entitling the companies to share the loss pro rata and invokes Section 37-154 of the Code, which provides among other things, that "if two or more policies are written upon the same property, they shall be deemed and held to be contributive insurance, and if the aggregate sum of all such insurance exceeds the insurable value of the property, as agreed by the insurer and the insured, each company shall, in the event of a total or partial loss, be liable for its pro rata share of insurance."
The appellant relies upon the rule as applied in Cave v. Home Insurance Company, 57 S.C. 347, 35 S.E. 577. In the cited case, the plaintiff agreed with the defendant that the insurable value of the property was $1,000.00 and the policy would cover a $600.00 loss. Subsequent insurance placed with two other companies with an agreed value of $1,700.00 covered an $1,100.00 loss. In an action for loss plaintiff recovered $600.00. It was held that the insurable value, as between plaintiff and defendant, being $1,000.00, of which defendant was to pay $600.00 in case of loss, and the sum of $1,700.00 as the agreed value with the other companies being in excess of the insurable value, it was a case of "contributive insurance", under what is now Section *233 37-154 of the Code, and the loss as between plaintiff and defendant should be pro rated among the three companies on the value of $1,000.00. The Trial Judge refused to apply, under the facts of the case, the rule announced in the Cave case, because the policies of insurance here involved insured different interests, and applied the rule as announced in Lucas et al. v. Garrett et al., 209 S.C. 521, 41 S.E. (2d) 212, 169 A.L.R. 660, and Murdaugh v. Traders & Mechanics Ins. Co., 218 S.C. 299, 62 S.E. (2d) 723, and we quote the following from the last cited case:
"It is quite true that Section 7977, Code 1942, would be deemed as forming a part of the insurance policy issued by the defendant Company, and the same provides that two or more policies `written upon the same property' shall be deemed and held contributive insurance, and if the aggregate sum thereof exceeds the agreed insurable value, each company in the event of loss `shall be liable for its pro rata share of said insurance'. But it will be observed that the policies must be `written upon the same property'; and evidently the word `property' connotes the same interest.
The rule is succinctly and accurately stated in the opinion of this Court delivered by Mr. Justice Oxner in the rather recent case of Lucas v. Garrett, 209 S.C. 521, 41 S.E. (2d) 212, 214, 169 A.L.R. 660, as follows:
"`Without undertaking to give an all inclusive definition of concurrent insurance, all the authorities agree that as a prerequisite to enforcing contribution between insurers, it is essential that both policies insure the same interest against the same casualty. 46 C.J.S., Insurance, p. 150, § 1207; 29 Am. Jur., Section 1334, page 998.'
"The rule as stated in 29 Am. Jur., page 998, Section 1334, is also, we believe, directly applicable here: `Contribution between insurers cannot be enforced unless their policies cover the same interest. Accordingly, if an owner and a mortgagee of the same property have procured insurance on their separate interests therein, and the owner seeks to recover *234 on his policy, the defendant insurer is not entitled to contribution against the insurer of the mortgagee's interest."
Since, as a prerequisite to enforcing between insurers, it is essential that both policies insure the same interest against the same casualty and, having found that the owner and the mortgagee procured insurance on their separate interests, the appellant was not entitled to contribution against the insurer of the owner's interest.
The appellant takes the position that since the Association accepted the proceeds of settlement made by the Citizens Home Insurance Company on the fire policy procured by the owner of the premises, that such reduced the mortgage interest of the Association by the amount of such payment. The appellant takes the further position that the amount so received by the Association should be applied to the mortgage debt of Adams and the Association should not recover against the appellant more than the balance due on its debt, after crediting the proceeds received from Citizens Home Insurance Company.
In the case of First Carolina Joint Stock Land Bank v. Stuyvesant Ins. Co., 168 S.C. 37, 166 S.E. 883, it appears that a Mrs. Harley obtained a loan from the bank, and upon the premises mortgaged to secure the loan was a dwelling, the agreed insurable value thereof being $3,000.00. Mrs. Harley agreed to insure the dwelling against loss by fire for $1,500.00 with the loss payable clause to the bank, as its interest should appear. She failed to do so and the bank insured its interest in the dwelling, as mortgagee, in the sum of $1,500.00 with Stuyvesant. Thereafter, the owner of the dwelling insured such with Rhode Island Insurance Company in the sum of $2,500.00 and such policy contained a standard mortgage clause in favor of the bank. The insured dwelling was destroyed by fire and the sum of $2,500.00 was paid to the bank. It was the position of Stuyvesant that since the bank accepted the proceeds of the Rhode Island policy it ratified the act of the mortgagor in procuring additional insurance, in violation of the provision of its policy with *235 Stuyvesant, and the collection of said sum from Rhode Island bars the bank's claim under the Stuyvesant policy. This Court held that the mortgagee, by acceptance of the proceeds of the fire policy taken out by the mortgagor, did not extinguish the mortgagee's insurable interest in the mortgaged property, and said:
"It seems plain that in accepting the money paid to it by Mrs. Harley from the proceeds of the policy on her dwelling house which she had with Rhode Island Insurance Company, the land bank did not directly, or indirectly, procure additional insurance of its mortgage interest, and hence has not violated the condition of its policy with defendant relating to and prohibiting additional insurance.
"In these circumstances the doctrine of estoppel has no application."
The exception which presents the question that by the retention of the sum of $1,500.00 paid by Citizens Home Insurance Company reduced the mortgage interest of the Association by said amount is untenable and the same is overruled.
It is the contention of the appellant that the Trial Judge erred in failing to subrogate it to any interest of the Association. The appellant asserts, to the extent of any payment found due the Association it should be subrogated to the rights of the Association under all the securities held as collateral to the mortgage debt.
The policy of the appellant provides that when it shall pay the mortgagee any sum for loss under said policy and shall claim that, as to the mortgagor or owner, no liability therefor existed that it shall be legally subrogated to the rights of the mortgagee to the extent of such payment.
The essential elements of the right of subrogation are: (1) that the party claiming it had paid the debt; (2) that he was not a volunteer but had a direct interest in the discharge of the debt or lien; (3) that he was secondarily liable for the debt or the discharge of the lien; *236 and (4) that no injustice would be done to the other party by the allowance of the equity. Dunn v. Chapman et al., 149 S.C. 163, 146 S.E. 818. The appellant, the insurer, is not entitled to be subrogated to the mortgagee's rights until it has paid the loss to it.
In Edwards et al. v. Great American Ins. Co., 234 S.C. 404, 108 S.E. (2d) 582, the action was to recover under a fire insurance policy insuring a frame dwelling owned by Edwards, which directed that the proceeds would be payable to the respondent and to the mortgagee, as its interest might appear. The defendant asserted that the policy upon which suit was brought had become void because the insured had procured additional insurance on the property in excess of its agreed valuation, in violation of a provision of the policy. The insurer also asserted that it was ready and willing to pay the mortgagee the amount of the mortgage obligation held by it, not exceeding the amount of its liability under said policy, upon condition that it be subrogated to the mortgagee's rights in said mortgage. This Court held, with reference to the subrogation of the insurer to the rights of the mortgagee, that this assignment of error could not be sustained because "Under the subrogation clause of the policy, payment by appellant of the mortgage obligation was a condition precedent to appellant's right to claim subrogation to the rights of the mortgagee."
Since the appellant, the insurer, has not paid the loss to the Association it is not entitled to be subrogated to the rights of such Association. There was no error on the part of the Trial Judge in failing to grant subrogation.
The exceptions of the appellant are overruled and the Order appealed from is affirmed.
Affirmed.
TAYLOR, C.J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.