18108

W. A. MULKEY, Respondent, v. UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant

(132 S. E. (2d) 278)

122

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Sol E. Abrams, Esq.* of Greenville, for *Respondent,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,* in Reply,

August 13, 1963.

TAYLOR, Chief Justice.

The defendant, United States Fidelity & Guaranty Company, issued its fire insurance policy on December 21, 1960, insuring plaintiff's dwelling against loss or damage by fire. The agreed value of the dwelling was $4,500.00. Thereafter on April 29, 1961, plaintiff procurred an endorsement to the above policy to provide coverage in the amount of $2,500.00 on the dwelling's contents. On June 4, 1961, while the aforesaid policy was in full force and effect, plaintiff's dwelling and its contents were totally destroyed by fire.

Plaintiff filed a sworn statement claiming the value of the contents destroyed as $3,045.00. Defendant declined to make payment of the claim. Thereafter, this action was instituted in which plaintiff sought $2,500.00 damages for the loss

of contents as provided in the policy. Defendant, by way of answer, pleaded a general denial, admitting only the issuance of the policy and, as separate defenses, alleged that plaintiff was not entitled to recover under the policy in that he had willfully concealed or misrepresented material facts; was guilty of fraud and false swearing, and that the fire was caused by or at the request of the plaintiff or someone acting on his behalf.

Upon trial, the jury found for plaintiff in the amount of $2,000.00. Defendant's motions for a directed verdict, judgment N. O. V., or in the alternative for a new trial or a new trial *nisi* were refused; and this appeal follows.

The exceptions present the following general questions for determination:

(1) Did plaintiff carry the burden of proof as to the value of the contents allegedly destroyed?

(2) Did plaintiff willfully conceal or misrepresent material facts or was guilty of fraud and false swearing?

(3) Did plaintiff refuse to answer material questions during his pretrial examination under oath?

Defendant's motion for a directed verdict was based partly upon its contention that plaintiff failed to prove the value of the contents destroyed. In the course of trial, plaintiff offered in evidence, without objection, the proof of loss submitted to defendant showing the value of the contents as $4,274.50 when purchased and claiming $3,045.00 as their value when destroyed. Statements of fact contained in the proof of loss are *ex parte* and self-serving when offered in evidence by an insured and are not "proof" in Court of its loss which must be made in accordance with the rules of evidence. *Padgett v. North Carolina Home Insurance Co.,* 98 S. C. 244, 82 S. E. 409.

As a general rule proofs of loss are admissible to show compliance with the provisions of the policy but are not competent independent evidence (of the facts therein stated) as to the amount of the loss or the

value of the property. 46 C. J. S. Insurance § 1340b., p. 493; 46 C. J. S. Insurance § 1341b., p. 495; 29A Am. Jur., Insurance, Section 1899, p. 954.

Independent of the proof of loss, there is testimony as to the value of the contents destroyed both on direct and cross-examination of plaintiff and by defendant's witnesses sufficient to sustain the amount of the verdict.

Defendant next contends that plaintiff willfully concealed or misrepresented material facts or was guilty of fraud and false swearing (1) by overvaluing the contents contained in the proof of loss, or (2) by including in the proof of loss items of which he was not the owner, and (3) by false swearing with regard to the existence of other insurance. These contentions relate to the following provision in the policy:

"* * * This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

In order to avoid a policy for false swearing in the proof of loss, the false statements must be of a material fact and intentionally and willfully made with the intent to deceive and defraud the insurer. *De Shields v. Insurance Company of North America,* 125 S. C. 457, 118 S. E. 817; *State Farm Fire & Casualty Co. v. Herron,* 4 Cir., 269 F. (2d) 421.

Plaintiff testified that the proof of loss was prepared by him and his wife to the best of their ability. Defendant introduced evidence indicating that several items listed therein were overvalued. Overvaluation, while some evidence of fraud, does not amount to fraud as a matter of law where it expresses the bona fide opinion of the insured. 20 A. L. R. 1173; 56 A. L. R. 390; and becomes a question of fact for the jury whether the insured acted honestly and in good faith in overestimating in the proof

of loss the value of the property destroyed or whether insured intended to defraud the insurer. *Orenstein et al. v. New Jersey Insurance Company,* 131 S. C. 500, 127 S. E. 570; *Brant v. Dixie Fire Insurance Company of Greensboro, N. C.,* 179 S. C. 55, 183 S. E. 587. The fact that the jury found plaintiff's loss to be $2,000.00 when he claimed the property to be worth $3,045.00 is not presumptive evidence of false swearing or fraud. Fraud is not necessarily established when it is shown that the value stated in the proof of loss is in excess of the value proved during trial for such statement may have been made in good faith. 29A Am. Jur., Section 1961, Insurance, p. 1016.

There is no exception to the charge and it does not appear in the transcript, so presumably the jury was properly instructed to determine whether plaintiff overvalued his property and, if so found, whether it was done with intent to defraud defendant. Its verdict in favor of plaintiff indicates it found that plaintiff acted in good faith. We cannot say as a matter of law from the evidence before us that the overvaluation of certain items in the proof of loss is conclusive of fraud by plaintiff.

Plaintiff admitted during his testimony that a portion of the personal clothing listed in the proof of loss belonged to his son, who was residing in the house with his parents at the time of the conflagration. In order to avoid the policy on the grounds of making claim for items of which insured is not the owner, it must be shown that the insured intentionally and willfully intended thereby to deceive and defraud the insurer. Where claim is made on items which the insured might well believe to be covered, there will be no avoidance. 5 Appleman's Insurance Law and Practice, Section 3592, p. 778. Further, defendant made no motion to strike or disregard such items.

Plaintiff obtained a loan from Consolidated Credit Corporation approximately two weeks after obtaining insurance with defendant. At that time he executed a chattel mortgage on a portion of his household goods as security for the loan

and a fire insurance policy in the amount of $390.00 was procured. Defendant alleges that plaintiff was guilty of false swearing when he indicated there was no other insurance covering any part of the contents on which he predicated his claim.

There appears to be some conflict in the testimony as to whether or not plaintiff was aware that a fire policy was to be obtained. Defendant introduced a copy of the chattel mortgage signed by plaintiff and his wife, which required plaintiff to procure fire insurance in the amount of $390.00. There is no testimony indicating plaintiff actually obtained this coverage; but, rather, plaintiff vigorously denied procurring the insurance and it appears that the policy was actually obtained by the mortgagee in plaintiff's name with the premium being included in plaintiff's payments to the loan company.

"In order that the condition against additional insurance be broken, it must appear, not only that the same property (or a part thereof) is covered, but also that the same interest in such property is doubly insured. Consequently persons having distinct insurable interests in property may each have them insured without infringing the clause now under discussion. * * *" 45 C. J. S. Insurance § 573(3) (a), p. 367.

Both a mortgagor and mortgagee have separate and distinct insurable interests which either may protect by insurance. *Brant v. Dixie Fire Insurance Co.,* 179 S. C. 55, 183 S. E. 587; *Atkinson v. United States Fire Ins. Co.,* 134 S. C. 1, 131 S. E. 781; *Murdaugh v. Traders & Mechanics Ins. Co.,* 218 S. C. 299, 62 S. E. (2d) 723; *Laurens Federal Savings & Loan Association et al. v. Home Insurance Company of New York, S. C.,* 130 S. E. (2d) 558. "Thus, the taking out of a policy by the mortgagee cannot affect the rights of a mortgagor, particularly where done without the consent or knowledge of the mortgagor * * *". Vol. 5 Appleman's Insurance Law and Practice, Section

3058, p. 185, and cited in the footnotes thereto: *Murdaugh v. Traders & Mechanics Insurance Co.*, 218 S. C. 299, 62 S. E. (2d) 723; *Atkinson v. United States Fire Insurance Co.*, 134 S. C. 1, 131 S. E. 781.

Defendant cites *State Farm Fire & Casualty Co. v. Herron*, CCA 4th, 269 F. (2d) 421, to sustain its contention; however, in that case insurance was purchased from two companies covering the same property and the same interest therein without disclosing the fact in the proof of loss. Also, of no consequence is the fact that the policy procured by the mortgagee was in plaintiff's name as the policy covered only the mortgagee's interest. *Brant v. Dixie Fire Insurance Company*, 179 S. C. 44, 183 S. E. 587.

Defendant's third and fourth exceptions relate to plaintiff's refusal to answer certain questions during his examination under oath subsequent to the fire and are so interrelated that they will be disposed of together. The policy provides that as often as may be reasonable the insured shall submit to examination under oath. The fourth exception alleges error on the part of the trial Judge in holding that the examination permitted by the cooperation clause is limited or restricted to the same rules of evidence as would apply in Court, thereby limiting the extent of defendant's cross-examination of plaintiff during trial and excluding from the jury's consideration several questions which plaintiff refused to answer during the prior examination under oath as set forth in the cooperation clause. The two questions of which defendant complains relate to plaintiff's police record and to where plaintiff kept his personal papers. The trial Judge ruled that plaintiff's police record was immaterial and that refusal to disclose the whereabouts of his hiding place for his personal papers was also immaterial in light of further questions propounded concerning papers relating to the personal property destroyed in the fire.

The trial Court has broad discretion to control matters relating to the right of cross-examination and exercise of this discretion is not subject to review except in cases of manifest abuse or injustice. S. C. Digest, Witnesses, Key No. 267.

The purpose of examination as provided under the cooperation clause of insurance contracts is to determine whether the proofs of loss filed were correct and whether the claim is a just one and should be paid and to afford the insurer a method of detecting imposition and fraud. *Pearlstine v. Westchester Fire Insurance Co.,* 70 S. C. 75, 49 S. E. 4; *Jennings v. North River Insurance Co.,* 171 S. C. 548, 172 S. E. 700. The insurer is entitled to conduct a searching examination, but all questions should be confined to matters relevant and material to the loss.

"In an examination of the insured, only such matters are material as have a bearing on the insurance and the loss, and the insured is required only to give the best information obtainable. An unintentional false statement would be no ground for forfeiture, * * *" Vol. 5, Appleman's Insurance Law and Practice, Section 3552, p. 740.

"* * * While insured is obliged to answer only such questions as are material, the examination should be liberal in scope, and everything fairly relevant and pertinent to the insurance and the loss and the circumstances and amount thereof may be inquired into." 45 C. J. S. Insurance § 1024, p. 1256.

Upon examination, the insured need not answer immaterial questions, and, assuming the good faith of the insured in refusing to answer questions propounded to him in the examination, on the ground that they are immaterial, a subsequent determination by the Court that the questions were material should not result in the forfeiture of the insured's rights under the policy. 29A Am. Jur., Insurance, Section 1413, p. 522.

The fire occurred in the early morning of Sunday, June 4, 1961. The insured testified that he had gone fishing late

Saturday and did not return home until some time Sunday morning after the fire.

Plaintiff was examined under oath, and in the presence of his counsel, on October 9, 1961; and the following questions which the insured refused to answer are relied upon by defendant in its third exception to avoid the policy under the cooperation clause:

"2. * * * And you don't recall talking to anyone on Sunday morning before you got to the place of your home there? Your answer was: No one in particular. I stopped at a place but I don't think it's concerning nothing about this, and got me a can of beer, talking to some people in there."

"Q. * * * Where did you stop on Sunday morning to get a can of beer? * * *"

Plaintiff refused to answer the last question during the examination under oath and when asked the same question during trial he again refused the answer. The question was not objected to and no ruling thereon appears, neither did defendant request the Court to instruct the witness to answer.

The above question is not material *per se* to plaintiff's claim; however, when considered in the light of possible arson, plaintiff's whereabouts does become material. At the time of the examination, plaintiff apparently was unaware of the possibility of arson, whereas defendant knew of such possibility as it had obtained an investigation by an arson expert a few days after the fire. Defendant cannot rely on the refusal to answer a question which is not material on its face to avoid the policy when it is aware that the question is material or may become material because of special knowledge it has acquired and thereby lull the insured into a violation of the cooperation clause. The requirement to act with utmost good faith applies equally to the insurer as it does to the insured. The insured, therefore, should be placed on notice that the failure to answer a particular question, not patently material, may be used as grounds for avoidance.

For the foregoing reasons, we are of opinion that all exceptions should be dismissed, and the verdict and judgment appealed from affirmed; and *It is so Ordered.* Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.