## 18256

George W. THOMAS, Respondent, v. PENN MUTUAL FIRE IN-SURANCE COMPANY, Appellant, J. Lever CHAMBERS and Lula Viola Chambers, Respondents, v. ATLANTIC CASUALTY AND FIRE INSURANCE COMPANY, Appellant.

(137 S. E. (2d) 856)

*William F. Prioleau, Jr., Esq.,* of Columbia, *for Appellants,*

*Messrs. Townsend & Townsend,* of Columbia, *for Respondent, George W. Thomas,*

*Messrs. Frank L. Taylor* and *Kermit S. King,* of Columbia, *for Respondents, J. Lever Chambers and Lula Viola Chambers,*

August 31, 1964.

TAYLOR, Chief Justice.

This is an appeal from an Order of the Honorable Legare Bates, Judge of the Richland County Court confirming in its entirety the Report of the Master in Equity for Richland County. Two cases are involved but consolidated for the purpose of appeal.

On April 1, 1959, George W. Thomas, one of the Respondents herein, entered into a contract denominated "Bond for Title" with J. Lever Chambers and/or Lula Viola Chambers, the other Respondents, wherein Thomas agreed to convey a tract of land, with improvements thereon, to the Chamberses upon payment of $6,500.00, together with interest, in monthly installments of $50.00 each. After making a down payment, the Chamberses went into possession, met 21 installment payments, and made improvements on the property. As of February 10, 1962, because of the irregularity of the payments made and the running of the interest due, the Chamberses owed Thomas a balance of $6,378.04.

The property had been previously insured by Thomas for a time until canceled, whereupon the Chamberses were informed that they should obtain their own insurance as Thomas would not "take over any more insurance on the house."

On January 16, 1962, the Chamberses procured from Atlantic Casualty and Fire Insurance Company, one of

Appellants herein, an insurance policy covering the property. Said policy was a "valued policy" and fixed the value of the interest covered at $4,000.00 and contained a standard mortgagee clause in favor of Thomas.

Thomas, on January 20, 1962, without knowledge of the Chamberses' insurance, procured from Penn Mutual Fire Insurance Company, the other Appellant, an insurance policy covering his interest in the property being sold to the Chamberses. This policy was also a "valued policy," fixing the value of the interest covered at $5,000.00, the insured being denominated:

"James Lever Chambers and/or George W. Thomas, As Their Interest May Appear."

Both the Chamberses and Thomas paid the required premiums on their respective policies and the Chamberses had no knowledge of the Thomas policy until February 10, 1962.

On February 23, 1962, while these policies were in force, the dwelling was totally destroyed by fire. The Chamberses filed proof of loss with Atlantic and Thomas filed proof of loss with Penn. All conditions precedent to the collection of the benefits payable under the terms of the policies were complied with, but each company refused to pay the full value of coverage.

Suits were filed to collect under both policies and the parties agreed on all known issues of fact, waived a jury trial, and after consolidation by agreement, both cases were referred to the Master for Richland County.

The Master found, and the trial Judge concurred, that Thomas obtained his policy with Penn to protect his interest in the property he was selling and that the Chamberses obtained their policy with Atlantic to protect their interest in the property they were buying. Appellants contend that the policies covered the same insurable interest and that they should be treated as contributive insurance as provided by Section 37-154, Code of Laws of South Carolina, 1962.

In the recent case of *Laurens Federal Savings and Loan Association et al. v. Home Insurance Company of New York*, 242 S. C. 226, 130 S. E. (2d) 558, this Court reaffirmed the rule that "a mortgagor and mortgagee have separate and distinct interests in the same property which they may insure. *Brant et al. v. Dixie Fire Ins. Co.*, 179 S. C. 55, 183 S. E. 587, and *Murdaugh v. Traders & Mechanics Ins. Co.*, 218 S. C. 299, 62 S. E. (2d) 723, Appleman, Insurance Law and Practice, Vol. 4, Section 2186, page 65.." The same proposition similarly applies to a vendor and vendee of real property so long as either of them retains an interest in the property, whether the sale be conditioned or the contract executory. 29 Am. Jur., Insurance, Sections 464, 466, pp. 796-797. See *Milhous v. Globe & Rutgers Fire Insurance Co.*, 161 S. C. 96, 159 S. E. 506.

Both Thomas and the Chamberses had a separate and distinct insurable interest in the dwelling which was destroyed regardless of whether they are considered mortgagor-mortgagee or vendor-vendee. It is said in *Murdaugh v. Traders & Mechanics Ins. Co., supra*, 218 S. C. 299, 62 S. E. (2d) 723, speaking of what is now Section 37-154, Code of Laws of South Carolina, 1962, "that two or more policies 'written upon the same property' shall be deemed and held contributive insurance, and if the aggregate sum thereof exceeds the agreed insurable value, each company in the event of loss 'shall be liable for its pro rata share of said insurance.' But it will be observed that the policies must be 'written upon the same property'; and evidently the word 'property' connotes the same interest."

Although Thomas and the Chamberses have separate insurable interests it is possible for both to have contracted to insure the same insurable interest, thereby requiring contribution between Appellants.

This is a law case and findings of the Master concurred in by the trial Judge are conclusive on appeal if there are facts to support such findings. The transcript of the testimony is not before us; therefore, we must assume that

sufficient evidence was presented to support the concurrent finding that Thomas and the Chamberses intended to procure insurance on their separate interests.

The Chamberses policy issued by Atlantic named "Mr. J. Lever Chambers and Lula Viola Chambers" as the insureds and under a standard mortgage clause, "Mr. George W. Thomas," was named as mortgagee-payee "As Interest May Appear."

This is the same type insurance agreement as appeared in the *Laurens Federal Savings and Loan Association case, supra,* 242 S. C. 226, 130 S. E. (2d) 558 (wherein we held that a policy of insurance procured by the mortgagee to protect his interest, denominating the owner as the named in'sured and containing a standard mortgage clause in favor of the mortgagee to be insurance covering the separate interest of the mortgagee. In instant case, the situation is the reverse. The Chamberses, with intent to protect their separate interest, procured a valued policy from Atlantic denominating them as the named insured with Thomas named as mortgagee-payee.)

The inclusion of a standard mortgagee clause does not afford coverage of the mortgagee's interest in the property insured, although he has a beneficial interest in the policy. *Walker v. Queen Insurance Company,* 136 S. C. 144, 134 S. E. 263, 52 A. L. R. 259. Therefore, the inclusion of the standard mortgagee clause in the Chamberses' policy does not transform the policy into one which affords coverage to Thomas of his insurable interest in the property but only provides coverage of the insurable interest of the Chamberses.

It is contended that the Penn policy procured by Thomas covered both the interest of Thomas and of the Chamberses. It is the concurrent finding of the Master and the trial Judge that Penn knew that Thomas' interest in the property was but a partial one. The Penn policy names the insured as "James Lever Chambers and/or George W. Thomas, As

Their Interest May Appear." The policy by denominating the insured as Chambers "and/or" Thomas contains a built-in ambiguity as to who is entitled to the proceeds. The phrase "and/or" means either "and" or "or." Therefore, the policy reads that Chambers and Thomas are both entitled to the proceeds or either Chambers or Thomas are so entitled. Nevertheless, it was only with Thomas that Penn dealt; it was his money which was accepted as premium (none of which has been tendered back), and it was with Thomas that Penn agreed on the value of his known partial interest. Also of particular note is the fact that the value on which Penn and Thomas agreed was less than the actual value of Thomas' interest at the time the policy was issued and at the time of the loss.

In *Hunt v. General Insurance Company of America,* 227 S. C. 125, 87 S. E. (2d) 34, it was held that the value stated in an insurance policy is considered the value of the insurable interest of him who procured the insurance where the insurer knew the insured had but a partial interest of less value than the amount of insurance. In the *Hunt case,* the insured, who had an insurable interest considerably less than the value of the policy, recovered the full amount of his policy, the value of which was predetermined.

Here Thomas procured a valued policy in the amount of $5,000.00 when his actual partial interest in the property was $6,378.04. Thomas procured the policy to protect his interest and Chambers certainly is not entitled to any of the proceeds therefrom as long as Thomas' interest equals or exceeds the value of the policy. Chambers, therefore, not being entitled to any proceeds from the Penn policy has no insurable interest covered by such policy.

As the policies cover different interest, there is no duplication of insurance; therefore, Appellants are not entitled to contribution.

Affirmed.

Moss, Lewis and Bussey, JJ., concur.

Brailsford, J., concurs in result.

BRAILSFORD, Justice (concurring):

I concur in the result because, in this law case, we are bound by the trial court's findings of fact that the respective policies were intended to value and insure the separate interests of the vendor and vendees. The record shows that these findings were based upon *testimony* which is not included in the record by transcript or summary. Nor does the record indicate that any objection was interposed to its admission or consideration. Therefore, we have no opportunity to review either the sufficiency or admissibility of the testimony on which the decision of the trial court rested. Finding no error of law, established by the record and properly preserved for review here, our appellate jurisdiction is exhausted. If I were at liberty to decide the issue upon a construction of the written insruments, in the light of the facts which do appear in the record, I would reach a different conclusion.