21401

Magnolia B. EDWARDS, Respondent, v. COLUMBIA, S. C., TEACH-
ERS FEDERAL CREDIT UNION and Rosemary E. Smith, as
Administratrix of the Estate of Homer M. Smith, Defendants, of
whom Rosemary E. Smith, as Administratrix of the Estate of
Homer M. Smith is Appellant.

(275 S. E. (2d) 879)

*James D. Cooper, Jr.,* of *Ratchford, Cooper & Jonas,* Columbia, *for appellant.*

*Gerald D. Jowers,* Columbia, *for respondent.*

March 4, 1981.

LEWIS, Chief Justice:

This appeal concerns the ability of an insured, who is secondarily liable for a debt, to acquire subrogation where credit life insurance satisfies the underlying obligation because of the insured's death. The lower court denied subrogation. We reverse.

Mr. Smith was a member of the South Carolina Teacher's Federal Credit Union. In June, 1974, he and his wife acquired a loan from this organization. In return they executed a note and the wife granted a second mortgage on the lot she owned individually. At the time of the loan, credit life insurance, as provided for by Section 38-55-170, Code of Laws of South Carolina, 1976, on the life of Mr. Smith was acquired by the credit union as a fringe benefit for Mr. Smith. The provisions of the policy were such that the unpaid balance on the load would be satisfied upon the death of the member of the credit union who acquired the loan.

The wife sold her lot to respondent in March of 1977. As part of the consideration for the purchase, Mrs. Edwards expressly assumed both the first and second mortgages on the property. Although notified of the sale of the property, the credit union did not change the name of the loan or the name of the insured under the policy because Mrs. Edwards was not eligible for membership in the credit union. In May 1978, Mr. Smith died and the insurance subsequently satisfied the loan. On request of the appellant-Administratrix, the credit union assigned the note and the mortgage to the estate of Mr. Smith.

The respondent initiated this action seeking to have the note and the mortgage declared satisfied. The lower court granted the respondent's request, holding the payment of the debt by the insurance proceeds satisfied the note and mortgage and that the appellant thereby acquired no right to which to be subrogated by the assignment because the note and mortgage had been extinguished by the payment. In so ruling, he erred.

When Mr. Smith died, he and his wife still owed the debt created in 1974 to the credit union. Although Mrs. Edwards assumed the payment of the debt, a secondary obligation of Mr. Smith and his wife remained to the credit union.

Mrs. Edwards has never paid her portion of the consideration for the sale of the property because it was paid by the proceeds of the credit life insurance policy. Presumably, if Mrs. Edwards had not assumed liability for the second mortgage, the amount of the debt secured thereby would have been added to the consideration. Therefore, to now give Mrs. Edwards credit for the payment of the second mortgage with insurance proceeds on the life of Mr. Smith gives to her a windfall to which she is not entitled. In effect, it would relieve her of the payment of part of the consideration which she agreed to pay.

Respondent is not in a position to contend that the Smith estate was unjustly enriched. Mrs. Edwards was not a party to the credit union transaction. Her purchase of the property was in no way connected with the credit life policy on the life of Smith. There was no agreement, expressed or implied, that the price agreed to be paid by Mrs. Edwards would be reduced by the life insurance on the life of Smith.

Based on the foregoing, we hold that the payment of the debt from proceeds from the credit life policy in this case has the same legal effect as if Smith had paid the loan from his own funds. If he had paid the loan to the credit union from his own funds, he would have been entitled to subrogation to enforce the second mortgage. *See Laurens Federal Savings and Loan Association v. Home Insurance Company of New York*, 242 S. C. 226, 130 S. E. (2d) 558. Extinguishment of liability to the mortgage credit union, through insurance proceeds on the life of Smith, cannot inure to the benefit of Mrs. Edwards so as to discharge her obligation to pay the consideration for purchase of the property.

We find no basis in law or equity to make Mrs. Edwards the beneficiary of the life insurance policy on the life of Mr. Smith. We, therefore hold that the lower court judge erred

92

in ordering that the original note and mortgage be marked satisfied.

Reversed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.